UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80025-CIV-MARRA/JOHNSON

RICHARD DARQUEA,

    Plaintiff,

vs.

NATIONAL SECURITIES CORPORATION
OF WASHINGTON,

    Defendant.
_____/

**OMNIBUS ORDER**

THIS CAUSE is before the Court upon Defendant's Motion to Stay Discovery (DE 40), Plaintiff's Verified Motion for a Continuance of the Defendant's Motion for Summary Judgment (DE 50), and Opt-in Plaintiff Thomas Grassi's Verified Motion for a Continuance of the Defendant's Motion for Summary Judgment (DE 63). The Court has reviewed the motions, responses where filed, the entire file in this case, and is otherwise fully advised in the premises.

The Complaint in this action asserts claims for relief as a collective action and as a class action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"). Pursuant to the Court's Scheduling Order (DE 25), the discovery cutoff in this case is April 23, 2010, the substantive pretrial motion deadline is July 23, 2010, and the calendar call for trial is scheduled for November 5, 2010.

Defendant has filed motions for summary judgment against Plaintiff Richard Darquea and

Opt-in Plaintiff Thomas Grassi, arguing that Plaintiffs were independent contractors, not employees. Therefore, Defendant contends neither the FLSA nor the FMWA are applicable. See DE's 35, 51.

Defendant seeks to stay discovery in this case pending the disposition of its summary judgment motions. See DE 40. Plaintiffs oppose any stay of discovery in the case. Rather, Plaintiffs seek a continuance of the summary judgment motions until they are able to complete discovery. See DE's 50, 63.

At this stage, the Court finds Defendant's summary judgment motions to be premature. Determining whether an individual is an employee or independent contractor pursuant to the factors of the "economic reality" test involves a fact intensive inquiry that cannot yet be resolved at this stage of the litigation. Without the completion, or at least a significant undertaking, of discovery, summary judgment would not be appropriate. See Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."); WSB-TV v. Lee, 842 F.2d 1266 (11th Cir. 1988) (granting defendant's summary judgment motion without affording plaintiff an adequate opportunity to conduct discovery is reversible error); Ventrassist Pty Ltd. v. Heartware, Inc., 377 F.Supp.2d 1278, 1287-88 (S.D. Fla. 2005). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion to Stay Discovery (DE 40) is **DENIED**.

(2) Plaintiff's Verified Motion for a Continuance of the Defendant's Motion for Summary Judgment (DE 50) is **GRANTED**.

(3)  Opt-in Plaintiff Thomas Grassi's Verified Motion for a Continuance of the Defendant's Motion for Summary Judgment (DE 63) is **GRANTED.**

(4)  Defendant's Motions for Summary Judgment (DE's 35, 51) are hereby **DENIED WITHOUT PREJUDICE.**  Defendant may re-file the motions after the close of discovery but before the substantive motion deadline. See, e.g., Ruiz v. 119th Street Exxon, Inc., 2009 WL 2970420, *1 (S.D. Fla. 2009); Rodgers v. Global Prophets, Inc., 2009 WL 3288130, *2 (S.D. Fla. 2009).

(5)  If Defendant thwarts Plaintiff's attempts to conduct discovery (see DE's 31, 32, 33, 41), Plaintiff may move the Court for an extension of the discovery and substantive motion deadlines.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of February, 2010.

_____
KENNETH A. MARRA
United States District Judge

copies to:
all counsel of record